UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILO H. SEGNER, JR., AS TRUSTEE OF THE PR LIQUIDATING TRUST, Plaintiff | § § § § | |
| v. | § § | Cause No. 3:12-CV-1318-F |
| RUTHVEN OIL & GAS, LLC, WENDELL HOLLAND, THE WENDELL AND KARI HOLLAND TRUST, and CIANNA RESOURCES, INC., Defendants. | § § § § § § | |

## JOINT STATUS REPORT

TO THE HONORABLE JANE BOYLE, UNITED STATES DISTRICT JUDGE:

**1.     A brief statement of the nature of the case, including the contentions of the parties**.

This case began as a fraudulent transfer suit against an initial and three subsequent transferees. After discovery closed, Plaintiff sought and the Bankruptcy Court granted partial summary judgment, finding that the Debtors had made a transfer to Ruthven Oil and Gas, LLC, with intent to hinder, delay, or defraud, in the amount of $48.8 million. The Bankruptcy Court declined to grant summary judgment to Plaintiff on Defendant Ruthven's affirmative defense that it had received the transfers in Good Faith and given Value for them. The Bankruptcy Court entered its report and recommendation to the District Court on June 1, 2015, informing this Court that the matter was ready for trial. This Court withdrew the order of reference in the case by Order dated June 11, 2015.

After additional briefing during the summer of 2015, this Court issued its Memorandum Opinion and Order on September 24, 2015, in which it adopted the Bankruptcy Court's findings

and conclusions, but amended the Bankruptcy Court's legal conclusion regarding the standard for measuring value under Section 548 of the Bankruptcy Code, holding that the proper test was that which was expressed in *Williams v. FDIC (In re Positive Health Management)*, 769 F.3d 899 (5th Cir. 2014).

On October 6, 2015, this Court directed that the parties file their Joint Status Report by October 21. Because a mediation held on September 8 and 9, 2015, had resulted in a tentative settlement between the Plaintiff and certain Defendants, that Status Report deadline was several times extended. On November 16, 2015, the Plaintiff, together with Defendants Ruthven Oil & Gas, LLC, Wendell Holland, and The Wendell And Kari Holland Trust, informed the Court that they had reached a settlement of all pending matters which allowed for all claims against those Defendants to be dismissed with prejudice, at the same time leaving all findings and rulings in place as to the remaining Defendant, Cianna Resources, Inc.

The net result of the briefing, motion practice, and mediation process is that the wide-ranging, multi-defendant, fact-intensive lawsuit which began has now been narrowed to a single Defendant. Plaintiff contends that the total amount of the transfers to Cianna amount to $22,044,143, but Cianna disputes that this entire amount constitutes a "transfer" under the Bankruptcy Code and applicable caselaw, as opposed to the much smaller amount representing the commission Cianna received in return for the sale of certain mineral interests after its payment of all required state and federal taxes. The only issue remaining for trial, in addition to the foregoing question as to the amount for which Cianna is a subsequent transferee from Ruthven, is whether Cianna, as a subsequent transferee from Ruthven, has available to it the affirmative defense provided in 11 U.S.C. § 550(b)(1): that it was a "transferee that takes for value, including

satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided."

**2.     Any pending motions.**

The Bankruptcy Court heard and made recommendation on all dispositive motions, ruled upon the admissibility of expert testimony, and approved a Joint Pre-Trial Order. There are no pending motions, as such. This Court will, however, need to rule on objections to deposition designations, witness and exhibit lists, and motions in limine, as are reflected in paragraph 3 below.

**3.     Any pre-trial motions and objections, including objections to witness and exhibit lists, objections to deposition designations and motions in limine.**

Except as set forth below, there are presently no pending pre-trial motions.

a.  The Court previously ruled on the Trustee's Motion for Partial Summary Judgment after conducting a *de novo* review of the Bankruptcy Court's Report and Recommendation.
b.  The parties previously filed *Daubert* motions concerning certain expert witnesses and multiple hearings were held before the Bankruptcy Court in September and October 2014. The Bankruptcy Court entered orders disposing of the various *Daubert* motions in November and December 2014. No further *Daubert* motions are presently pending.
c.  The parties previously served their witness and exhibit lists on each other on or about September 12, 2014. The Trustee previously served a supplemental trial exhibit list on Defendant on or about April 10, 2015. Defendant previously served a supplemental trial exhibit list on the Trustee on April 15, 2015. No objections to trial exhibit lists or witness lists have been exchanged at this time and no rulings on objections have been made. Given the Court's summary judgment rulings and the Trustee's settlement with the Ruthven and Holland defendants, the parties reserve the right to amend their witness and exhibit lists to the extent that the issues in the case have been narrowed considerably.
d.  The parties exchanged objections to their respective deposition page and line designations on September 26, 2014. No rulings have been made on the objections to the parties' respective deposition designations at this time. Here too, in light of the Court's summary judgment rulings and the Trustee's settlement with the Ruthven and Holland defendants, the parties reserve the right to amend their deposition designations to the extent that the issues in the case have been narrowed considerably and/or to the extent that witnesses are no longer available and/or within to subpoena range.
e.  The parties filed motions in limine on or about October 3, 2014. No rulings have been made on the motions in limine at this time. Cianna's new counsel has not

    had an opportunity to review the motions in limine, but in light of the Court's rulings and the fact that Cianna is the only remaining defendant, Cianna may seek to file a supplemental motion in limine, depending on the extent to which Trustee intends to go into the conduct of non-parties and settled defendants unrelated to Cianna. Plaintiff may oppose any supplemental or new motions in limine.

  The foregoing witness and exhibit lists, deposition designations, objections to deposition designations and motions in limine were either filed or served, in compliance with deadlines established by the Bankruptcy Court, in the bankruptcy adversary proceeding. The reference was withdrawn in this case and the foregoing items have not been re-filed in this case for use by the Court in the pre-trial hearing or during trial.

  The parties respectfully suggest that they re-file their previously-filed trial witness and exhibit lists, deposition designations, motions in limine and all objections thereto, as well as any amended or supplemental pleadings, as outlined in paragraphs c.-e. above, in this Court to facilitate the Court's rulings.

**4.**  **Any amendments to the Joint Pre-trial Order.**

  The parties do not believe that the Joint Pre-trial Order will require any additional facts or issues, but they do expect to amend it to remove certain extraneous sections in light of the Ruthven/Holland Defendants' settlement.

**5.**  **Requested trial date, estimated length of trial, and whether jury has been demanded.**

  Cianna has requested a jury trial. The Joint Pretrial Order, in its present form, estimates that the trial will take between seven and fifteen days of the court's time – an estimate that was made before the Ruthven/Holland Defendants reached a settlement with the Plaintiff. The parties now estimate that the likely time required for trial will be five days, including time for jury selection and deliberation.

**6.    Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful.**

The parties have mediated on three separate occasions for a total of five days. The first mediation occurred in August, 2014, and involved all Defendants. The second mediation, also involving all Defendants, occurred on September 8 and 9, 2015, at which time a settlement was reached with the Ruthven/Holland Defendants. The third mediation, which only involved remaining Defendant Cianna, occurred on December 9, 2015; discussions from that last mediation only ended on January 8, 2016, with the parties concluding that further discussion at present would not be productive. The parties believe that the case will need to progress further toward trial before further mediation might be useful. Should the Court wish further information regarding the status of talks and their likely future productiveness, the parties would suggest consulting with mediator Leif Clark.

**7.    Whether the parties would benefit from additional mediation.**

As indicated above, the parties do not believe that further mediation would be productive at this time.

**8.    Any other matters relevant to the status and disposition of this case.**

Forshey & Prostok, LLP, will not serve as trial counsel for Defendant Cianna, which has retained the Oklahoma City law firm of Hartzog, Conger, Cason & Neville and the Dallas law firm of Sayles Werbner, P.C. to perform that role. Both firms have appeared in this matter. The Plaintiff has no objection to this substitution of counsel, so long as it does not delay the trial date, which has not yet been set. Plaintiff has agreed that Cianna's new counsel will need some time to become familiar with the case, which Cianna appreciates. Additionally, Cianna wishes to apprise the Court that its trial counsel has prior settings during April, May, and July, 2016. The potential

trial date settings are April 4 and April 8 for April, 2016, and May 2 and May16 for May, 2016, and July 7 – July 20 for July, 2016. Cianna's Trial Counsel would respectfully request that the Court provide a non-conflicting trial date.

Dated:	January 29, 2015

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Respectfully submitted,

| | |
|---|---|
| **Milo H. Segner, Jr., as Trustee of the PR Liquidating Trust, Plaintiff** | **Cianna Resources, Inc., Defendant** |

/s/ Jerry C. Alexander
Jerry C. Alexander
Texas Bar No. 00993500
Christopher A. Robison
Texas Bar No. 24035720
**PASSMAN & JONES, P.C.**
1201 Elm Street, Suite 2500
Dallas, Texas 75270-2599
P:  (214) 742-2121

Andrew B. Sommerman
Texas Bar No. 18842150
Sean J. McCaffity
Texas Bar No. 24013122
George (Tex) Quesada
Texas Bar No. 16427750
**SOMMERMAN MCCAFFITY & QUESADA, L.L.P.**
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
P:  (214) 720-0720

Jerry Kenneth (J. Ken) Johnson, II
Texas Bar No.  10746300
**FLEMING | NOLEN | JEZ, LLP**
2800 Post Oak Blvd., Suite 4000
Houston, Texas  77056
P:  (713) 621-7944

Michael R. Rochelle
Texas Bar No. 17126700
**ROCHELLE MCCULLOUGH LLP**
325 N. St. Paul, Suite 4500
Dallas, Texas 75201
P:  (214) 953-0182

**COUNSEL FOR THE PLAINTIFF**

/s/ E. Sawyer Neely
State Bar No. 24041574
Darren P. Nicholson
State Bar No. 24032789
**SAYLES WERBNER, P.C.**
1201 Elm Street, Suite 4400
Dallas, Texas 75270
(214) 939-8700 Telephone
sneely@swtriallaw.com
dnicholson@swtriallaw.com

William A. Johnson, OBA No. 4730
David A. Elder, OBA No. 20687
Matthew W. Brockman, OBA No. 22077
Admitted Pro Hac Vice
**HARTZOG CONGER CASON & NEVILLE**
201 Robert S. Kerr Avenue, Suite 1600
Oklahoma City, OK 73102
bjohnson@hartzoglaw.com
delder@hartzoglaw.com
mbrockman@hartzoglaw.com
Telephone: (405) 235-7000
Facsimile: (405) 996-3403

**COUNSEL FOR THE DEFENDANT**

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that the foregoing instrument was served on all counsel of record in this proceeding electronically, via the Court's ECF / PACER notice system on this 29th day of January 2016. To the extent any persons entitled to service failed to receive service thereunder, they will be served via United States first class mail, return receipt requested, in accordance with the Federal Rules of Civil Procedures and the Local Rules of this Court.

                 */s/* E. Sawyer Neely