UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILO H. SEGNER, JR., as Liquidating Trustee of the PR Liquidating Trust, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:12-CV-1318-B |
| RUTHVEN OIL & GAS, LLC, WENDELL HOLLAND, THE WENDELL AND KARI HOLLAND TRUST, and CIANNA RESOURCES, INC., et al., | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Cianna Resources, Inc.'s Motion for Ruling on Defendant's Bill of Costs. Doc. 352, Def.'s Mot. On July 13, 2018, Cianna submitted a Bill of Costs to the Court, requesting $95,717.36 in fees incurred during this action. Doc. 330, Bill of Costs. This figure is derived from fees for transcripts, copies, printing, and witnesses. On July 16, 2018, Plaintiff/Trustee Milo H. Segner[1] filed a Response and Objections to Defendant's Bill of Costs. Doc. 331, Pl.'s Resp. & Objs. The Trustee objects both to the Bill of Costs as a whole and to the specific line items Cianna requests. *Id.* at 4–8. The Court delayed consideration of Cianna's Bill of Costs until the Fifth Circuit resolved the Trustee's appeal. Doc. 349, Elec. Order. On October 10, 2019, the Fifth Circuit issued its mandate affirming the judgment of this Court. Doc. 351, J. of Fifth Circuit. On October 24, 2019,

---

[1] On August 3, 2019, Plaintiff/Trustee Milo Segner, Jr. passed away. In accordance with the provisions of the PR Liquidating Trust, the Trust Advisory Board appointed Kelly McCullough to serve as substitute Trustee. *See* Doc. 353, Pl.'s Resp., 1 n.1. The Court will refer to Plaintiff as "Trustee" for purposes of this Order.

- 1 -

Cianna filed its motion requesting that the Court rule on its Bill of Costs as the Trustee's appeal had been resolved. Doc. 352, Cianna's Mot. for Ruling. The Trustee filed a response opposing Cianna's request on the basis that the Court should again delay consideration, this time until the United States Supreme Court resolves his petition for certiorari. *See* Doc. 353, Pl.'s Resp. For the following reasons, the Court **GRANTS** Cianna's Motion for a Ruling on its Bill of Costs (Doc. 352), and **ORDERS** the Trustee to pay $60,131.79 to Defendant Cianna by **Friday, January 31, 2020**.

## I.

First, the Court must determine whether it is again appropriate to delay consideration of Cianna's Bill of Costs. The Trustee asserts that delay is appropriate until the United States Supreme Court resolves its petition for writ of certiorari. Doc. 353, Pl.'s Resp., 1. The Trustee filed his cert petition on December 11, 2019. Petition for Writ of Certiorari, Milo H. Segner, Jr. v. Cianna Res. Inc., No. 19-759 (U.S. Dec. 11, 2019). Cianna replies that delay is inappropriate based on the factors courts consider when determining whether to stay a judgment pending appeal. Doc. 354, Def.'s Reply, 2–4. Cianna argues in the alternative that if the Court delays consideration of its Bill of Costs, it should require the Trustee to post a bond or other security sufficient to satisfy Cianna's taxable costs and costs to respond to the cert petition. *Id.* at 4–6.

The Court rejects the Trustee's request to delay consideration of Cianna's Bill of Costs pending decision on his cert petition. To start, as Cianna points out, "[c]ourts are not required to stay taxing costs pending the outcome of an appeal." *Galaviz v. Post-Newsweek Stations*, 2010 WL 1904334, at *1 (W.D. Tex. May 11, 2010) (citing *Baldauf v. Davidson*, 2008 WL 711703, at *1 (S.D. Ind. Mar. 14, 2008); *Chamberlain Grp., Inc. v. Interlogix, Inc.*, 2002 WL 31176068, at *1 (N.D. Ill. Sept. 30, 2002)). Some courts determine whether it is appropriate to delay consideration by applying

the factors used to determine whether a judgment should be stayed pending appeal. *See Javery v. Lockheed Martin Corp.*, 2019 WL 181342, at *1 (E.D. La. Jan. 11, 2019); *Payan v. United Parcel Serv.*, 2017 WL 4844651, at *2 (D. Utah Sept. 1, 2017); *Tolan v. Cotton*, 2012 WL 12893484 (S.D. Tex. July 12, 2012). In other words, these courts consider "the likelihood of the movant's success on appeal, whether the movant will be irreparably harmed, whether the nonmoving party will be injured, and any public interest." *Javery*, 2019 WL 181342, at *1 (citations omitted).

The Trustee does not argue that any of these factors weigh in favor of staying consideration of Cianna's Bill of Costs. *See* Doc. 353, Pl.'s Resp., 1. In fact, the Trustee provides no reason for why the Court should delay consideration aside from the fact that he filed a cert petition. *See id.* Cianna argues, and the Court agrees, that all of these factors weigh against further delay in deciding the Bill of Costs. Doc. 354, Def.'s Reply, 3–4. First, the Court finds that the Trustee is unlikely to succeed on his petition—as the Supreme Court's rules note, "[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion" and "will be granted only for compelling reasons." Sup. Ct. R. 10. And "[s]tatistical evidence shows that in any given year, the Supreme Court will grant certiorari from one percent to five percent of the petitions filed." *Ledford v. Sellers*, 2018 WL 272664, at *1 (N.D. Ga. Jan. 3, 2018) (collecting sources).[2] Further, to succeed on appeal, the Trustee would also need to obtain a Supreme Court ruling in his favor. While all this may be possible, the Trustee has not shown, and the Court does not find, that it is likely to occur based on the circumstances of this particular case.

Nor can the Trustee show that he will be irreparably harmed absent a stay of the cost award.

---

[2] *See also* Supreme Court Press, Success Rate of a Petition for Writ of Certiorari to the Supreme Court, https://supremecourtpress.com/chance_of_success.html (noting that the success rate for petitions for writ of certiorari filed between 2014 and 2017 was between 2.1 percent and 4.2 percent).

As other courts have noted, "[w]hen a district court judgment is reversed or substantially modified on appeal, any costs awarded to the previously prevailing party are automatically vacated." *Galaviz*, 2010 WL 1904334, at *1 (quoting *Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir. 1986)). Because the Trustee has not shown why reimbursement after a successful appeal would irreparably harm him, this factor too weighs against a stay. *See Javery*, 2019 WL 181342, at *1 (denying stay because the plaintiffs did "not address how paying the award now and obtaining reimbursement in the event of a successful appeal would be injurious to them"). Finally, Cianna argues in its motion that it could be harmed if the trust resources are depleted during pendency of the Trustee's petition. Doc. 354, Def.'s Reply, 5–6.

To summarize, the Court finds that the Trustee has not provided sufficient reasons to further delay consideration of Cianna's Bill of Costs, and that the factors that other district courts look to when deciding this issue weigh against a stay. The Court thus proceeds to the Bill of Costs.

**II.**

Unless a statute, rule, or court order provides otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4) (2012). The Trustee makes a number of objections to Cianna's Bill of Costs, and the Court addresses each in turn.

A. *Objections to Deposition Costs*

The Trustee objects to Cianna's request for $4,063.26 in fees related to videotaped

depositions. Doc. 331, Pl.'s Resp. & Objs., 4–5. This number is broken down into two amounts: (1) $2,994.50 in video charges for depositions of the Trustee's experts; and (2) $1,068.76 in video charges for the depositions of Mr. Kyle Shutt and Cianna's retained experts. *Id.* at 5. In reply, Cianna has withdrawn the request for $1,068.76. Doc. 348, Def.'s Reply, 2. But as for the $2,994.50, Cianna asks that the Court overrule this objection because, it argues, the costs related to these depositions were necessarily incurred for use in the case. *Id.* at 3.

Section 1920(2) "indisputably authorizes recovery of costs for video recordings of depositions." *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 786 (N.D. Tex. 2014) (citing, *inter alia*, *S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 F. App'x 443, 450–51 (5th Cir. 2009) (per curiam)). However, the video depositions must have been "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This "does not require the actual use at trial . . . ." *Allstate Ins. Co.*, 66 F. Supp. 3d at 790. Instead, recovery is authorized where the video deposition is "reasonably . . . expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or merely for discovery." *Id.* (citing, *inter alia*, *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991)).

The Trustee seems to argue that costs for these video depositions of his experts are unrecoverable because these experts were available to appear at trial. *See* Doc. 331, Pl.'s Resp. & Objs., 5. The Trustee cites one case—*Sheikh–Abukar v. Fiserv Solutions, Inc.*, 2011 WL 5149654, at *1 (S.D. Tex. Oct. 26, 2011)—as support for this objection. Doc. 331, Pl.'s Resp. & Objs., 2, 5. The court in *Sheikh–Abukar* recognized that costs for videotaped depositions are recoverable under § 1920(2), especially in long, complex cases where witness credibility is "sharply disputed." *Sheikh–Abukar*, 2011 WL 5149654, at *1 (internal quotation marks omitted) (citing *Baisden v. I'm*

*Ready Prods., Inc.*, 793 F. Supp. 2d 970, 978 (S.D. Tex. 2011)). But the court sustained an objection to the defendant's request for costs of the plaintiff's videotaped depositions because the plaintiff was readily available to testify at trial and because the factual issues in the case "were simpler than those presented in . . . other complex cases." *Sheikh–Abukar*, 2011 WL 5149654, at *1–2.

Due to the complex nature of this case and the importance both sides placed on expert-witness testimony, see Doc. 38, Joint Status Report, 3, the Court finds that at the time these videotaped depositions of the Trustee's experts were made, the recordings could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or discovery. *Allstate Ins. Co.*, 66 F. Supp. 3d at 790. Thus, these videotaped depositions were necessarily obtained for use in this case, as required by § 1920(2). The Court **OVERRULES** the Trustee's objection to the $2,994.50 in costs for videotaped depositions.

B.     *Objections to Copying Costs*

Next, the Trustee objects to Cianna's request for $49,210.21 in costs for copies. Doc. 331, Pl.'s Resp. & Objs., 5. Generally, the Trustee argues that Cianna has not shown that the costs in this category were necessarily obtained for use in this case because Cianna has provided insufficient information to support its request. *Id.* The Trustee's objections are broken down into specific amounts that the Court will address in turn.

First, the Trustee objects to a $14,694.00 request for costs associated with a trial presentation software. *Id.* As the Trustee points out, this request does not appear to be related to copying costs, yet it is included in the "making copies" portion of the Bill of Costs. *See* Doc. 330-2, Ex. B to Bill of Costs, 2. The Trustee argues that recovery of these costs should be prohibited because editing deposition clips and syncing deposition videos are not taxable as costs. Doc. 331, Pl.'s Resp. & Objs.,

6 (citing *United States ex rel. Long v. GSDMIdea City, LLC*, 807 F.3d 125, 133 (5th Cir. 2015); *Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958–59 (9th Cir. 2013)). Cianna responds that these costs are attributable to a paralegal's time spent preparing and running a trial presentation software; such costs, Cianna argues, are taxable as technical trial support under the Fifth Circuit's interpretation of § 1920(4)'s allowance for recovery of "exemplification" fees. *See* Doc. 348, Def.'s Reply, 7, 9. The $14,694.00 figure is broken down into discrete daily charges based on an hourly rate. Doc. 330-2, Ex. B to Bill of Costs, 121–22. The majority of the hours were spent: "Review[ing] trial materials and organiz[ing] same for efficient use and presentation of evidence." *Id.* Aside from a few discrepancies, such as time spent traveling, that is the extent of the detail provided for these charges. *See id.*

Cianna points out that courts in this circuit have permitted the recovery of costs related to using professional services for presentation of audio and visual evidence at trial. *See RLIS, Inc. v. Cerner Corp.*, 2015 WL 4040569, at *3–4 (S.D. Tex. July 1, 2015) (holding that Fifth Circuit case law provides for an award of costs for a technician's work at trial but not for the "preparation of graphics, animations, or other demonstratives"); *Favata v. Nat'l Oilwell Varco, LP*, 2014 WL 5822781, at *4–5 (S.D. Tex. Nov. 10, 2014) (finding costs related to support of a trial technician were necessary for exemplification of certain exhibits "in a streamlined, orderly, and efficient manner"); *Eolas Tech. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 808 (E.D. Tex. 2012); *Versata Software Inc. v. SAP Am., Inc.*, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23, 2011). The Court finds that the costs of preparing and running Cianna's trial presentation software were necessary due to the complex nature of this case, and thus holds that these costs are recoverable under § 1920. The Trustee's objection to these costs is **OVERRULED**.

The Trustee's second copy-related objection is to Cianna's request for $1,389.60 in PACER printing charges. Doc. 331, Pl.'s Resp. & Objs., 6. The Trustee argues that Cianna has not established why these charges were necessary. *See id.* Cianna responds by first noting that "such costs are not typically recoverable in an ordinary case," but that the circumstances surrounding Cianna's change in counsel made them necessary. Doc. 348, Def.'s Reply, 6–7. Cianna also argues that the complexities of this matter and the relation of this case to other criminal cases made it necessary to incur these printing charges. *Id.*

The Fifth Circuit has not decided whether PACER fees are recoverable under Rule 54(d) and § 1920. *Zastrow v. Hou. Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017) (per curiam). And district courts are split on this issue. *Id.* (citing *Giner v. Estate of Higgins*, 2012 WL 2397440, at *5 (W.D. Tex. June 22, 2012) (collecting cases)). As Judge Costa, sitting in the Southern District of Texas by designation, has pointed out, "[s]ome district courts draw a distinction between costs incurred performing research (unrecoverable) and those sustained making copies of documents for use in litigation (recoverable)." *Bear Ranch, LLC v. HeartBrand Beef, Inc.*, 2018 WL 3388766, at *2 n.2 (S.D. Tex. July 12, 2018) (Costa, J.) (comparing *Maher v. Vaughn, Silverberg & Assocs., LLP*, 2015 WL 1807056, at *4 (W.D. Tex. Apr. 20, 2015) with *U.S. ex rel. DeKort v. Integrated Coast Guard Sys., LLC*, 2013 WL 1890283, at *4 (N.D. Tex. Mar. 27, 2013)). This is because "[t]he 'overwhelming weight of authority in this and other circuits' rejects the view that a party can recover costs for computerized legal research." *Id.* (quoting *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 581–82 (W.D. Tex. 2010) (collecting cases)).

Here, the Court finds that Cianna's reasons for incurring these PACER charges seem closer to research than use in the litigation. *See* Doc. 348, Def.'s Reply, 6–7. Indeed, as Cianna describes

it, these documents were used to keep Cianna's counsel "abreast of proceedings in those other cases" and "to research the history of those criminal cases" that were tangentially related to this matter. *Id.* at 7. Thus, because Cianna has failed to show why the requested PACER costs were "necessarily obtained for use in the case," the Court **SUSTAINS** the Trustee's objection as to the $1,389.60 in PACER costs.

Third, the Trustee objects to copy-related costs incurred by both Cianna's counsel (in the amount of $16,817.25) and third-party vendors (in the amount of $16,309.96). *See* Doc. 331, Pl.'s Resp. & Objs., 6–7. The Trustee argues that Cianna has provided only "conclusory statements" for why these copies were necessarily obtained for use in the case. *Id.*

The Court agrees with the Trustee. "Although a party need not 'identify every xerox copy made for use in the course of a legal proceeding,' there must be some nexus between the costs incurred and the litigation." *DeKort*, 2013 WL 1890283, at *3 (quoting *Fogleman*, 920 F.2d at 286). Here, the information that Cianna has provided is clearly deficient. While Cianna has identified via billing invoices who made the photocopies, when the copies were made, and how much these copies cost, Cianna's invoices fail to show which documents were copied or what these copies were used for, even at a general level. *See* Doc. 330-2, Ex. B to Bill of Costs, 44–70, 82. Other courts faced with similar deficiencies in proof have reduced the recoverable costs accordingly. *See, e.g.*, *Spear Mktg., Inc. v. Bancorpsouth Bank*, 2016 WL 193586, at *14 (N.D. Tex. Jan. 14, 2016) ("ARGO fails to explain in specific terms the nature of the documents that were copied or how they were necessary to litigate this case."); *Wright v. Blythe-Nelson*, 2004 WL 2870082, at *10 (N.D. Tex. Dec. 13, 2004) ("Each entry [of the billing statements] contains the date, the person who made the copies, and the cost. Wright does not, however, categorize the photocopies or otherwise indicate what was copied

or how it was used."). Likewise, here, the Court **SUSTAINS** the Trustee's objection and denies Cianna's request for both the law-firm copy charges and the third-party vendor charges.

C.    *Objection to Daily Transcript Costs*

The Trustee's next objection is to Cianna's request for $12,646.11 in costs associated with obtaining daily transcripts of pretrial and trial proceedings. Doc. 331, Pl.'s Resp. & Objs., 7. Cianna argues that these daily transcripts were necessary because of the complex legal and procedural issues presented by this case. Doc. 348, Def.'s Reply, 5. Cianna asserts that the trial transcripts were used specifically in preparing for its closing statement and in response to the various dispositive motions made during and after trial. *Id.* Cianna continues that the transcripts were also used to keep track of the parties' legal positions and the Court's rulings on evidentiary issues. *Id.*

Requests for costs of daily transcripts must be based in necessity, not convenience. *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 430 (5th Cir. 2010) (per curiam) (citing *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983)). Courts are more willing to find that daily transcripts are necessary "when the case is sufficiently complicated that having the transcript immediately is required to efficiently and effectively litigate the case." *RLIS, Inc.*, 2015 WL 4040569, at *1 (citing *West v. Perry*, 2009 WL 2225579, at *4 (E.D. Tex. July 23, 2009)); *see also Arrieta v. Yellow Transp., Inc.*, 2010 WL 4314298, at *2 (N.D. Tex. Oct. 26, 2010) (overruling objections to request for daily transcript costs "because the trial was complicated and extensive . . . and the transcripts were used to prepare for closing arguments"). The Court agrees with Cianna on this point. The trial was extraordinarily complex, and the Court finds that daily transcripts were closer to a necessity than a convenience in allowing Cianna to effectively defend itself at trial. Thus, the Trustee's objection to the daily transcript costs is **OVERRULED**.

D. *Objection to Witness Fees*

The Trustee's final objection is to $1,255.13 in costs associated with the fees of one of Cianna's experts, John Coughlon. Doc. 331, Pl.'s Resp. & Objs., 7–8. Coughlon did not testify at trial, but Cianna nonetheless seeks fees related to his attendance because, it argues, Couglon's attendance was necessary. Doc. 348, Def.'s Reply, 6. Cianna intended to use Coughlon as a rebuttal witness to respond to the testimony of one of the Trustee's designated experts, James Peck. *Id.* But because the Trustee never called Peck to testify, Cianna had no reason to call Coughlon. *Id.*

The Court **OVERRULES** the Trustee's objection. Because Peck was never removed from the Trustee's list of potential witnesses, it was necessary for Cianna to have Coughlon attend trial. The Court thus finds that the costs associated with Coughlon's attendance are properly taxable under § 1920.

E. *Objection to Bill of Costs in Its Entirety*

Returning to the Trustee's first objection, that the Bill of Costs should be denied in its entirety, the Court **OVERRULES** this objection. The Court has addressed the specific deficiencies that the Trustee has pointed out in his response, and the Court does not find any problems with the Bill of Costs as a whole.

**III.**

After considering the Bill of Costs and the parties' arguments as to the Trustee's objections, the Court holds as follows:

1. Defendant Cianna Resources, Inc.'s Motion for Ruling on Defendant's Bill of Costs (Doc. 352) is **GRANTED**;

2. The Trustee's objection to Cianna's request for $2,994.50 in costs to obtain the videotaped depositions of the Trustee's expert witnesses is **OVERRULED**;

3. The Trustee's related objection to Cianna's request for $1,068.76 in costs to obtain the videotaped depositions of Cianna's expert witnesses and Kyle Shutt is **MOOT**, as Cianna has agreed to withdraw this request;

3. The Trustee's objection to Cianna's request for $14,694.00 in costs related to the operation of its trial presentation software is **OVERRULED**;

4. The Trustee's objection to Cianna's request for $1,389.60 in PACER charges is **SUSTAINED**;

5. The Trustee's objections to Cianna's requests for $16,817.25 in costs for its counsel's copy charges and $16,309.96 in costs for third-party copy charges are **SUSTAINED**;

6. The Trustee's objection to Cianna's request for $12,646.11 in costs to obtain daily transcripts is **OVERRULED**;

7. The Trustee's objection to Cianna's request for $1,255.13 in witness fees related to John Coughlon's attendance at trial is **OVERRULED**; and

8. The Trustee's objection to Cianna's Bill of Costs as a whole is **OVERRULED**.

In sum, based on the above rulings, the Court reduces Cianna's request for $95,717.36 in total costs to $60,131.79. The Court thus **ORDERS** the Trustee to pay $60,131.79 to Defendant Cianna by **Friday, January 31, 2020**.

**SO ORDERED.**

**SIGNED: January 14, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE